RANDOLPH, Circuit Judge,
concurring:
Bangor Hydro-Electric Co. v. FERC, 78 F.3d 659 (D.C.Cir.1996), drew an analogy to Escondido Mutual Water Co. v. La Jolla Band of Mission Indians, 466 U.S. 765, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984), and held (1) that in licensing cases such as this, the Federal Energy Regulatory Commission must accept conditions the Department of the Interior prescribes, and (2) that Interior’s conditions must be supported by substantial evidence. 78 F.3d at 662-63. This odd division of authority raises the question whether Interior can develop all of its evidence internally, without affording the applicant some sort of hearing. See Henry J. Friendly, Some Kind of Hearing, 123 U. Pa. L. Rev. 1267 (1975). So far as we can tell, Interior offered the petitioner here no opportunity for a hearing. I nonetheless join the court’s opinion because the petitioner did not raise, before us or the Commission, any objection to Interior’s procedure for developing its prescription.